IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMONTE A. JACKSON,

                    Plaintiff,

   v.                                                                    OPINION and ORDER

TIMOTHY KOLECHECK, KENDRA DALE,                                 25-cv-432-jdp
CHARLES VLASAK, SGT. BRADY BLODGETT,
and AUSTIN KINAS,

                    Defendants.

---

Plaintiff Amonte A. Jackson, proceeding without counsel, is currently a prisoner at the Wisconsin Resource Center. Jackson alleges that when he was a prisoner at Stanley Correctional Institution, prison staff humiliated him by cutting off his clothes in front of other inmates and then retaliated against him by disciplining him for confiding in a therapist about the events. I granted Jackson leave to proceed on civil rights claims under the First, Fourth, and Eighth Amendments to the United States Constitution.

Defendants move for partial summary judgment, contending that Jackson failed to exhaust his administrative remedies regarding his First Amendment retaliation claims. I will grant that motion and dismiss Jackson's retaliation claims. Jackson moves for partial summary judgment on his claims, but I will deny that motion for Jackson's failure to follow the court's summary judgment procedures.

ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions."

42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Jackson proceeds on claims that defendants Kendra Dale and Charles Vlasak retaliated against him by issuing him a conduct report for admitting in therapy that he had wanted to harm defendant Timothy Kolecheck in response to the strip-search incident. Defendants contend that Jackson failed to exhaust his administrative remedies on those retaliation claims because he didn't follow the required DOC procedures for challenging a conduct report: giving notice of his challenge in disciplinary proceedings, appealing an adverse disciplinary ruling, and if necessary, filing an Inmate Complaint Review System grievance about procedural errors in the disciplinary proceedings. Wis. Admin. Code §§ DOC 303.80–.82. Jackson did none of those things. Instead, he waived his right to a contested hearing, admitted his guilt, and did not appeal his disposition of guilt on the threats charge. *See* Dkt. 18-1.

In response, Jackson argues that the administrative remedies cited by defendants were unavailable to him because he chose to proceed under the "uncontested major disposition" route, which didn't allow for an appeal. *See* § DOC 303.78. But it was Jackson's choice to proceed under this route instead of contesting the conduct report. So he cannot now assert that those remedies were unavailable to him. *See Nigl v. Meisner,* 805 F. App'x 431, 433 (7th

Cir. 2020) (Wisconsin prisoner who chose uncontested disposition "chose to abandon available administrative remedies as a result of his decision to admit guilt and waive his rights"). Therefore I conclude that Jackson failed to exhaust his administrative remedies for his First Amendment claims and I will grant defendants' motion for partial summary judgment. The dismissal of Jackson's First Amendment claims is without prejudice, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), although it is almost certainly too late for Jackson to properly exhaust those claims now.

Jackson also moves for partial summary judgment on his claims. Dkt. 21. But Jackson did not follow this court's summary judgment procedures, which require him to submit proposed findings of fact supporting his claims, along with evidence that supports those proposed findings. *See* attachment to Dkt. 14. So I will deny his motion for partial summary judgment without prejudice. I will attach another copy of the court's procedures to this order, and Jackson must follow those procedures if he files another summary judgment motion or when he opposes a summary judgment motion filed by defendants.

Defendants move to amend the briefing schedule for Jackson's summary judgment motion. Dkt. 23. I will deny that motion as moot.

Because I am dismissing Jackson's First Amendment claims, this case will proceed only with his Fourth and Eighth Amendment claims.

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment, Dkt. 16, is GRANTED.

2. Defendants Dale and Vlasak are DISMISSED from the case.

3

3. Plaintiff's motion for partial summary judgment, Dkt. 21, is DENIED without prejudice.

4. Defendants' motion to amend the schedule, Dkt. 23, is DENIED as moot.

5. The clerk of court is directed to send plaintiff another copy of the court's preliminary pretrial conference order and attachments, Dkt. 14.

Entered April 7, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge